*44 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| ,This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Bradley David Meyer, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
PROCEDURAL HISTORY
The ODC filed two sets of formal charges against respondent under disciplinary board docket numbers ll-DB-021 and ll-DB-114. Respondent failed to answer either set of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3).
The matters were then considered by separate hearing committees. No formal hearings were held, but the parties were given an opportunity to file with the hearing committees written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration in either matter.
Following their consideration by the hearing committees, the matters were consolidated by order of the disciplinary board. The board then filed in this court a single recommendation of discipline encompassing both sets of formal charges.
| .FORMAL CHARGES

ll-DB-021

The Washington Matter

In November 2008, Crandall Washington hired respondent to represent him in a criminal matter. Mr. Washington’s mother, Linda Washington, paid respondent $1,650 towards his $2,200 fee. Respondent met with Mr. Washington on November *45 19, 2008, February 5, 2009, and March 4, 2009. Mr. Washington entered a guilty plea at a March 4, 2009 hearing. The court clerk’s records indicate that respondent did not file any motions on Mr. Washington’s behalf.
In April 2009, Mr. Washington hired a new attorney, and respondent failed and/or refused to respond to numerous requests from the new attorney for the return of Mr. Washington’s file. Mr. Washington’s new attorney filed a motion to withdraw the guilty plea and a motion to suppress evidence, both of which were granted. Thereafter, the prosecutor dismissed and/or lessened the charges against Mr. Washington, and he received a lenient sentence.
In May 2009, Ms. Washington filed a disciplinary complaint against respondent. The complaint alleged that respondent failed to appear for scheduled court appearances, failed to provide competent representation, failed to respond to telephone calls regarding the status of the matter, and failed to return Mr. Washington’s file.
In October 2009, respondent provided the ODC with a sworn statement. He testified that he would submit documentation to show that he met with Mr. Washington several times, communicated regularly with him and his mother, and appeared for all scheduled court appearances. Respondent also testified that he consulted with two doctors regarding conducting tests to determine Mr. Washington’s competence level as there was an issue regarding his competence. Nevertheless, respondent chose not to have Mr. Washington undergo testing and, |3instead, advised Mr. Washington to plead guilty based on the presentence investigation.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.8 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.14 (client with diminished capacity), 1.15 (safekeeping property of clients or third persons), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).

The Jackson Matter

Shaude Jackson hired respondent to represent him in a criminal matter. In April 2010, Mr. Jackson filed a disciplinary complaint against respondent, alleging that respondent failed to abide by his decisions concerning the objectives of the representation. Mr. Jackson also alleged that respondent demanded payment for the return of Mr. Jackson’s file, which he needs in order to prepare a request for post-conviction relief. The ODC sent notice of the complaint to respondent’s primary bar registration address via certified mail, but the notice was returned marked unclaimed and unable to forward.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15, 8.1(c), and 8.4(a).

The Taylor Matter

In February 2010, Thomas Taylor paid respondent $500 to handle his divorce. A few days later, Mr. Taylor returned to respondent’s office to review and sign the divorce petition. Thereafter, Mr. Taylor made numerous attempts to 14contact respondent but was unsuccessful. Mr. Taylor contacted the court clerk’s office in the parish where he resides, as well as court clerk’s offices in surrounding parishes, and *46 learned that respondent had not filed the divorce petition on his behalf.
In September 2010, Mr. Taylor filed a disciplinary complaint against respondent. Among other things, Mr. Taylor claimed that, on a recent visit to respondent’s office, he learned respondent was no longer operating from that location. The ODC sent notice of the complaint to respondent’s primary and secondary bar registration addresses, but both notices were returned marked not deliverable as addressed and unable to forward.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a), 1.3, 1.4, 1.5 (fee arrangements), 8.1(c), and 8.4(a).

The Butler Matter

In March 2010, Shenita Butler hired respondent to represent her brother in a criminal matter. Ms. Butler paid respondent $600 for the representation, but respondent failed to take any action on her brother’s behalf. In September 2010, Ms. Butler filed a disciplinary complaint against respondent. The ODC sent notice of the complaint to respondent’s primary bar registration address, but the notice was returned marked not deliverable as addressed and unable to forward.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a), 1.3,1.4,1.5, 8.1(c), and 8.4(a).
|s The Brown Matter
In June 2010, Veronique Brown hired respondent to represent Abraham Jones in a criminal matter. Ms. Brown paid respondent a total of $1,000 in several installments. Thereafter, according to Ms. Brown, respondent ceased communication and failed to take any action in the matter.
In October 2010, Ms. Brown filed a disciplinary complaint against respondent. The ODC sent notice of the complaint to respondent’s primary and secondary bar registration addresses. The notice mailed to respondent’s primary address was returned marked not deliverable as addressed and unable to forward. The notice mailed to respondent’s secondary address was returned marked unclaimed.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3,1.4,1.5, 8.1(c), and 8.4(a).

11-DB-1U

The McAllister Matter

In March 2010, Marcell McAllister hired respondent to represent him in three pending criminal matters. In December 2010, Mr. McAllister filed a disciplinary complaint against respondent, maintaining that respondent failed to appear for scheduled court dates, failed to respond to his requests for status updates, and failed to provide adequate representation.
Respondent failed to respond to the complaint, despite receiving notice of same via certified mail at least twice. His failure to respond necessitated the issuance of a subpoena to obtain his sworn statement. The subpoena also required respondent to produce a copy of Mr. McAllister’s file. While respondent did provide the sworn statement to the ODC, he failed to produce a copy of the file. | (¡Respondent told the ODC he would provide the file and other evidence to refute Mr. McAllister’s allegations no later than November 18, 2011. However, he failed to do so.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a), 1.3, 1.4, 1.5(a) (charging an unreasonable fee), 1.16(d), 8.1(c), and 8.4(a).
*47 DISCIPLINARY PROCEEDINGS:

Hearing Committee Reports

ll-DB-021

As previously indicated, respondent failed to answer the formal charges in ll-DB-021. Accordingly, the factual allegations were deemed admitted. After considering the ODC’s deemed admitted submission, the hearing committee made the following factual findings:
The undisputed facts establish that Respondent acted knowingly and intentionally causing actual harm to his clients. ODC effectively established a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules and orders of the disciplinary agency, multiple offenses, refusal to acknowledge wrongful nature of conduct, vulnerability of victim, and an indifference to making restitution all constituting violations of the duty owed to his clients, to the public, to the legal system, and to the profession.
The committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee then determined that the additional aggravating factor of a dishonest or selfish motive is present. While acknowledging respondent’s inexperience in the practice of law (admitted 2003) as a mitigating factor, the committee determined that his lack of |7experience “is by no means a sufficient mitigating factor to modify the recommendation of disbarment.”
Based on this reasoning, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation. The matter was then considered by the disciplinary board, which recommended that respondent be disbarred for the misconduct in ll-DB-021. The board’s report and recommendation was lodged in this court’s docket number 12-B-1131. Before we considered the matter, the ODC filed a motion to remand the matter to the board for consolidation with the formal charges in ll-DB-114. On July 11, 2012, we granted the motion and remanded the matter to the board. In re: Meyer, 12-1131 (La.7/11/12), 92 So.3d 339.

11-DB-1U

As previously indicated, respondent failed to answer the formal charges in ll-DB-021. Accordingly, the factual allegations were deemed admitted. After considering the ODC’s deemed admitted submission, the hearing committee determined that the deemed admitted facts are undisputed and accepted as true and correct. Based on these facts, the committee concluded that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined that respondent knowingly and intentionally violated duties owed to his client, the public, the legal system, and the legal profession. His conduct caused actual harm to his client. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is disbarment.
In aggravation, the committee found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary | ^proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and an indifference to making restitution. The committee found that the only mitigating factor present is respondent’s inexperience in the practice of law.
*48 Turning to the issue of an appropriate sanction, the committee noted that respondent accepted a fee from his client but failed to produce evidence of any action taken on his client’s behalf. Respondent also apparently abandoned his law practice, made no effort to inform his client that he was closing his office, made no effort to account for fees and/or return any unearned fees, and failed to cooperate with the ODC in its investigation. Under these circumstances, the committee recommended that respondent be disbarred. The committee also recommended that respondent provide his client with all file materials and .return the fee his client paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s report and recommendation.

Disciplinary Board Recommendation

ll-DB-021 & 11-DB-1U

After reviewing the consolidated matters, the disciplinary board made the following findings:
The factual allegations contained in ll-DB-021 were deemed admitted and have been conclusively established. However, the board declined to fully adopt the hearing committee’s findings regarding rule violations because several of the allegations of misconduct are not readily apparent from the deemed admitted facts and because the ODC failed to submit additional evidence sufficient to prove them.
|3In the Washington matter, the board determined that a violation of Rule 1.15 of the Rules of Professional Conduct, which requires an attorney to deliver to a client any property the client is entitled to receive, is not readily apparent from the deemed admitted facts or other evidence submitted by the ODC. Based on the record, the only demand made upon respondent was for the return of Mr. Washington’s file, which respondent knowingly and/or intentionally failed to do. However, this misconduct is appropriately addressed as a violation of Rule 1.16(d). The board adopted all other rule violations found by the committee in this matter.
Likewise, in the Jackson matter, the board determined that a violation of Rule 1.15 is not readily apparent from the deemed admitted facts or other evidence submitted by the ODC. Based on the record, there is no evidence that respondent failed to deliver any property to Mr. Jackson, other than his file, which establishes a violation of Rule 1.16(d). Even though this violation was not specifically alleged by the ODC in this matter, the board determined that the formal charges contain sufficient facts to put respondent on adequate notice of the likelihood that his conduct violated Rule 1.16(d). Therefore, in addition to finding that respondent violated Rules 8.1(c) and 8.4(a), the board also found that he violated Rule 1.16(d).
In the Taylor and Brown matters, the formal charges allege that respondent charged an unreasonable fee in violation of Rule 1.5 of the Rules of Professional Conduct. However, it is not readily apparent from the deemed admitted facts or other evidence submitted by the ODC that respondent charged an unreasonable fee in these matters. Instead, the board found that respondent’s conduct in these matters, as demonstrated by the deemed admitted facts, is more in line with a Rule 1.5(f)(5) violation for his failure to refund unearned fees.
The board also found that the factual allegations in ll-DB-114 were deemed admitted and have been conclusively established. Based on these facts, the board determined that the committee correctly applied the Rules of Professional Conduct, ^except that the board declined to find respondent charged an unreasonable fee in *49 violation of Rule 1.5(a). Respondent indicated that he received only $800 or $900, all of which he claimed was earned. The record is void of an accounting or other evidence to demonstrate how the fees were actually earned. Thus, the board rejected the committee’s conclusion that respondent charged an unreasonable fee. However, the board found that respondent did violate Rules 1.3, 1.4, 1.16(d), 8.1(c), and 8.4(a).
The board determined that respondent knowingly and intentionally violated duties owed to his clients and the legal profession. His conduct caused actual harm to his clients and the legal profession. Citing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is disbarment.
In aggravation, the board found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and indifference to making restitution. In mitigation, the board found the absence of a prior disciplinary record and inexperience in the practice of law.
After considering respondent’s conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, the board recommended that he be permanently disbarred. The board further recommended that respondent be ordered to return his clients’ files, provide full accountings and refunds of unearned fees, and make restitution to the clients whose funds he intentionally converted.
Neither respondent nor the ODC filed an objection to the disciplinary board’s report and recommendation.
InDISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter indicates that respondent neglected his clients’ legal matters, failed to communicate with his clients, failed to refund unearned fees, and failed to return his clients’ files. Respondent also failed to cooperate with the ODC by failing to update his primary registration address with the Louisiana State Bar Association and by failing to produce a copy of a client’s file, despite promising to do so during his sworn statement. This conduct violates Rules 1.3, 1.4, 1.5(f)(5), 1.16(d), and 8.1(c) of the Rules of Professional Conduct.
*50 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain | i2high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington 459 So.2d 520 (La.1984).
Respondent violated duties owed to his clients and the legal profession, resulting in actual harm to his clients. His conduct was both knowing and intentional. The applicable baseline sanction in this matter is disbarment.
Aggravating factors include a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and vulnerability of the victims. The only mitigating factor present is the absence of a prior disciplinary record.
In its report, the disciplinary board concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar. We agree.
Respondent failed to refund unearned fees paid by his clients, effectively converting those funds to his own use. As such, respondent’s conduct amounts to repeated or multiple instances of intentional conversion of client funds with substantial harm, as required by Guideline 1 of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E. Respondent’s conduct demonstrates a disregard for his clients and for his duties as an attorney. In order to protect the public and maintain the high standards of the legal profession in this state, we find respondent should not be allowed the opportunity to return to the practice of law in the future.
1 ^Accordingly, we will adopt the board’s recommendation and permanently disbar respondent. We will also order respondent to make restitution to his victims.
DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that the name of Bradley David Meyer, Louisiana Bar Roll number 28393, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. It is further ordered that respondent shall make restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, C.J., dissents from discipline ordered.
WEIMER, J., dissents and assigns reasons.
HUGHES, J., dissents for the reasons assigned by WEIMER, J.

. Respondent is currently ineligible to practice law for failing to pay bar dues and the disciplinary assessment, failing to meet mandatory continuing legal education requirements, and failing to file his trust account disclosure statement.